UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

| UNITED STATES OF AMERICA, | : |
| :--- | :--- |
| Plaintiff, | : |
| v. | : No. 5:10-cv-3924 |
| HARRY W. BUCHANAN, IV, | : |
| Defendant. | : |

---

# **MEMORANDUM AND ORDER**

## I.  INTRODUCTION

The United States moves for an order for Defendant Harry W. Buchanan, IV, to show cause why he should not be held in contempt for failing to comply with the terms of the Final Installment Payment Order issued to settle the government's claim for unpaid income tax. For the reasons discussed below, the motion is denied, without prejudice.

## II.  FACTUAL BACKGROUND

On March 16, 2011, this Court entered a default judgment in the amount of $264,088.67 against Defendant Harry W. Buchanan, IV, for unpaid income taxes for the years 1995, 1996, 1998, and 1999. ECF No. 5.[1] To enforce the judgment, the Court entered a stipulated Final Installment Payment Order, ECF No. 26, on July 31, 2017, which requires that Dr. Buchanan, among other obligations:

---

[1] In addition to the judgment in this case, the United States obtained a consent judgment in the amount of $175,009.88 in a separate case against Dr. Buchanan for unpaid income taxes for the years 2003, 2004, 2005, and 2006. Docket No. 5:14-cv-7108 (*see* docket entry ECF No. 10).

1. Pay the United States $4,500 on the fifteenth day of every month for application to the judgment debt, beginning on November 15, 2017, Final Installment Payment Order ¶ 5;

2. Pay current estimated taxes to federal, state, and local taxing authorities as they come due, and provide counsel for the United States proof of payment, Final Installment Payment Order ¶ ¶ 4, 9; and

3. File both his personal federal income tax return and his professional corporation's federal income tax return by April 15 of each year, Final Installment Payment Order, ¶ 9.

The government argues that, as of the filing of its motion on June 22, 2018, Dr. Buchanan had violated this order in various respects:

1. Dr. Buchanan had made only three $4,500 payments pursuant to the order, which were received on November 22, 2017, December 20, 2017, and January 23, 2018. He also made one $2,000 payment, which the United States received on May 18, 2018.

2. Dr. Buchanan had not paid estimated taxes for 2018 since January 22, 2018, and had not provided proof to counsel for the United States of any current tax payment after January 2018.

3. Dr. Buchanan did not file his personal and professional federal income tax returns in April 2018, but requested an extension from the IRS.

The government requests that Dr. Buchanan be held in civil contempt and jailed until he complies with his obligations under the Final Installment Payment Order.

In his response, filed August 2, 2018, ECF No. 32. Dr. Buchanan responds that any violation of the Final Installment Payment Order should be excused based upon his financial inability to comply. Dr. Buchanan explains that, following a guilty plea to two counts of willful failure to file a tax return, he was incarcerated for a period of three months from January 15,

2018 to April 15, 2018, followed by a three-month period of house arrest.[2] Because he is an ophthalmologist and surgeon who runs his own practice, he did not earn income during his incarceration and his practice incurred obligations in his absence that had to be paid before it became profitable again upon his return. Dr. Buchanan contends that, at the time of his response, he had only recently been able to produce sufficient income to make the payments required by the Final Installment Payment Order.

Buchanan argues that incarcerating him for civil contempt in this case would not benefit the government because it will prevent him from working, cause his practice to lose profitability again, and impede, rather than ensure, his compliance with the Final Installment Payment Order.

Buchanan filed a supplemental response on September 26, 2018, to which he attached records of his personal and business checking accounts and documentation of expenses required to keep his business running while he was incarcerated, such as rent, payroll, coverage by another physician, and renewal of his medical malpractice insurance. ECF No. 33.

### III. DISCUSSION

To hold a party in civil contempt, a movant must show by clear and convincing evidence that: (1) a valid order of the court existed; (2) the defendant had knowledge of the court order; and (3) the defendant disobeyed the order. *Federal Trade Commission v. Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (3d Cir. 2010). The Court concludes that the government has made a *prima facie* showing of contempt: the parties do not dispute that the Final Installment Payment Order is valid, that Dr. Buchanan knew of his obligations under the Order, or that he did not comply with his obligations for several months.

---

[2]     *See* Docket No. 17-cr-166.

3
031419

Given that the government has carried its initial burden, the burden now shifts to Dr. Buchanan to show why he was unable to comply with the order. *United States v. Baker Funeral Home, Ltd.*, 196 F. Supp. 3d 530, 549 (E.D. Pa. 2016) (citing *F.T.C. v. Lane Labs–USA, Inc.*, No. 00–3174, 2011 WL 5828518, at *2 (D.N.J. Nov. 18, 2011)). "[I]t is well-settled that impossibility of performance is a valid defense to a motion for contempt and that a party cannot be held in contempt for failure to obey a sanctions order if he lacks financial ability to comply with that order." *Loftus v. Se. Pennsylvania Transp. Auth.*, 8 F. Supp. 2d 464, 468–69 (E.D. Pa. 1998) (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)) (citations omitted), *aff'd*, 187 F.3d 626 (3d Cir. 1999).

Dr. Buchanan submits evidence that his imprisonment and house arrest from January to April 2018 had a negative effect on his medical practice that affected his financial ability to make the monthly payments the Final Installment Payment Order required.[3] His personal checking account shows a minimal or negative balance from January through March 2018. Ex. A to Def.'s Supplemental Response, ECF No. 33-1. The statements for the business checking accounts for Dr. Buchanan's medical practice reveal that the practice incurred substantial expenses during his imprisonment, including payroll and payments to a substitute physician. Exs. B and I to Def.'s Supplemental Response, ECF No. 33-1. Besides these continued payments, Dr. Buchanan had to expend sizeable amounts to get his practice back up and running when he was released in April 2018, including $14,309.99 in arrears for rent and utilities, $13,523.50[4] to resume his medical professional liability insurance, and $21,481.28 owed to the practice's

---

[3] With respect to filing his tax returns, Dr. Buchanan explains that he sought the extension because he was unable to submit returns while in prison.

[4] Dr. Buchanan's Supplemental Response memo states the total as $13,528; however, Exhibit F contains a notice of cancellation requiring a payment of $2,743.50 in March 2018 and a bill and check for $10,780 in June 2018, for a total of $13,523.50.

medical billing company. Exs. E, F, H to Def.'s Supplemental Response, ECF No. 33-1. Dr. Buchanan also points out that because of his criminal conviction, he has incurred an additional restitution obligation to make monthly payments of $4,000 for forty-nine months beginning thirty days after his release from prison. Ex. 1 to Def.'s Response at 6, ECF No. 32.

Dr. Buchanan has also produced evidence that he began to meet his financial obligations once his practice became profitable again after his release. In July 2018, he made his $4,500 monthly payment for July 2018 as well as a $4,500 payment to be applied toward his missed payment for June 2018. *See* Exs. 2-3 to Def.'s Response, ECF No. 32. He also made a payment toward his current estimated taxes for June 2018. *See* Ex. 4 to Def.'s Response, ECF No. 32. Additionally, the government's records show a payment of $2,000 made on May 18, 2018. Philip Doyle Decl. ¶ 2, Ex. 2 to Mot., ECF No. 27-2.

The government did not reply to Dr. Buchanan's Response or Supplemental Response and does not contest any of the evidence submitted. Accordingly, the Court concludes that a hearing is not required because Dr. Buchanan's uncontroverted evidence establishes his financial inability to comply with the Final Installment Payment Order during the time of his missed payments. *See M Seven Sys. Ltd. v. Leap Wireless Int'l, Inc.*, No. 12CV01424 CAB RBB, 2014 WL 3942200, at *3 (S.D. Cal. Aug. 11, 2014) (finding hearing on contempt motion not required where facts are uncontroverted); *Chiquita Fresh, N.A., L.L.C. v. Pandol Assocs. Mktg., Inc.*, No. CVF07-1305LJODLB, 2008 WL 324009, at *2 (E.D. Cal. Feb. 5, 2008) (same). The evidence suggests that imprisoning Dr. Buchanan for contempt would be counterproductive because imprisonment would prevent him from working, require him to make substantial expenditures upon his release to revitalize his medical practice for a second time, and further set him back in his payment obligations. Because the purpose of civil contempt is "remedial" and intended to

coerce compliance with the Court's order, Dr. Buchanan's inability to make payments and file tax returns as required makes a finding of contempt unwarranted. *United States v. Chabot*, 681 F. App'x 134, 136 (3d Cir. 2017) ("We permit an alleged contemnor to present evidence of his inability to comply with an enforcement order because civil contempt is remedial and, in cases like this one, intended 'to coerce the defendant into compliance with the court's order.'"). *See also Camerons Hardware Inc. v. Indep. Blue Cross*, 363 F. App'x 197, 201 (3d Cir. 2010) (recognizing that an order of civil contempt becomes "punitive" if a contemnor is unable to comply with the order and remanding for district court to consider whether contemnor was financially unable to comply with order).

The Court's decision not to hold Dr. Buchanan in contempt does not excuse him from any obligation under the Final Installment Payment Order; he must make up the payments he missed. Nor should Dr. Buchanan interpret the decision today as evidence of a permissive attitude by the Court toward future noncompliance. Dr. Buchanan owes a sizeable debt to the United States and its citizens and must fulfill his obligations to satisfy that debt.

Any conduct by Dr. Buchanan that would again bring him back before this Court as regards future non-compliance with the Final Installment Payment Order would be ill-advised.

IV. ORDER

**AND NOW**, this 14th day of March, 2019, for the reasons expressed above, **IT IS ORDERED THAT** Plaintiff's Motion for an order to show cause why Defendant should not be held in contempt, ECF No. 27, is **DENIED, without prejudice**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge