UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　Plaintiff, | :<br>:<br>: |
| v. | : No. 5:10-cv-3924 |
| HARRY W. BUCHANAN, IV,<br>　　　　　　　　Defendant. | :<br>:<br>: |

**O P I N I O N**

**Joseph F. Leeson, Jr.**　　　　　　　　　　　　　　　　　　　　　　　　**March 6, 2023**
**United States District Judge**

I.　　**INTRODUCTION**

　　The United States asserts that Defendant Harry Buchanan, IV, has failed to comply with the Court's Final Installment Payment Order to pay unpaid income taxes and to remain current with ongoing taxes owed. *See* ECF No. 26, Instal. Order. Accordingly, the Court issued an order for Buchanan to show cause as to why he should not be held in contempt for failing to comply with the Installment Order. Buchanan does not dispute that he has failed to comply with the Installment Order. Nor does he attempt to excuse his failure to comply. Instead, he asks that the Court impose lighter sanctions on him than those that the United States recommends. The Court holds Buchanan in civil contempt and, as a result, orders him to, among other things, hire an outside professional to ensure compliance with the Installment Order.

II.　　**BACKGROUND and DISCUSSION**

　　Buchanan is a surgeon and ophthalmologist. In 2011, this Court entered judgment against Buchanan in the amount of $264,088.67 for unpaid income taxes and entered the Installment Order to enforce the judgment, which Buchanan agreed to.

Among other things, the Installment Order requires Buchanan to (1) pay the United States $4,500 each month for application to the judgment debt, (2) pay current estimated taxes as they come due and provide counsel for the United States with proof of payment, (3) file both his federal income tax return and his professional corporation's federal income tax return and fully pay those taxes by April 15 of each year, and (4) Petition the Family Court to reduce child support payments for a child who is over 18 in order to free up more funds to pay his back taxes.

Shortly after Buchanan was meant to begin payments under the Installment Order, he missed several payments and failed to pay his estimated income taxes and file other returns as required. As a result, the United States asked this Court to hold Buchanan in contempt. The Court denied the United States' request because, at the time, Buchanan did not have the financial ability to comply with the Installment Order. However, the Court warned Buchanan that he must make up for the missed payments and that any future non-compliance with the Installment Order would be ill-advised.

Buchanan made a few payments after that but then stopped again. As a result, the United States filed declarations, asserting that Buchanan missed three payments in 2019, made only two full payments in 2020, made only one payment in 2021, and made no payments in 2022. The United States also asserts that, beginning in 2019, Buchanan failed to provide information of his estimated taxes and that he has failed to pay sufficient taxes since 2017. In sum, the United States alleges that, as of December 1, 2022, Buchanan owes more than two million dollars in personal income taxes and that his professional corporation owes more than one million dollars in federal taxes.

Based on the United State's assertions, the Court ordered Buchanan to show cause as to why he should not be held in contempt for failing to comply with the Installment Order. To hold a party in civil contempt, a movant must show by clear and convincing evidence that: (1) a valid order of the court existed; (2) the defendant had knowledge of the court order; and (3) the defendant disobeyed the order. *Federal Trade Commission v. Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (3d Cir. 2010).

Once a prima facie showing of contempt has been established, the burden shifts to the non-movant to show why they were unable to comply with the order. *United States v. Baker Funeral Home, Ltd.*, 196 F. Supp. 3d 530, 549 (E.D. Pa. 2016).

This time around, a hearing on contempt is not needed because Buchanan does not dispute the facts alleged by the United States. *See M Seven Sys. Ltd. v. Leap Wireless Int'l, Inc.*, No. 12CV01424 CAB RBB, 2014 WL 3942200, at *3 (S.D. Cal. Aug. 11, 2014) (finding hearing on contempt motion not required where facts are uncontroverted). He concedes that the Installment Order "is a valid court order." ECF No. 40, Resp. He concedes that he "was aware of the order." *Id*. He concedes that he "did not comply with the Order." *Id*. He concedes that he "cannot provide an acceptable reason to this Court as to why he was not able to file [his] taxes so he will not attempt to argue as such." *Id*. Lastly, regarding his missed payments, he argues that his medical practice is still recovering from the losses it incurred due to the COVID-19 pandemic and that he "suffered the effects of long COVID." *Id*.

Buchanan, however, has not provided any financial evidence that he was unable to make payments under the Installment Order. Even assuming that Buchanan couldn't afford to make the required payments, that doesn't excuse his failure to comply with other requirements under the Installment Order, such as filing his tax returns. Accordingly, the Court holds Buchanan in civil contempt for failing to comply with the Installment Order.

Having determined contempt, the next step is to determine the appropriate sanction for Buchanan. The purpose of civil contempt sanctions is to bring about the desired result. *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947). Thus, when determining what sanctions to impose, courts consider, among other things, the defendant's financial resources and what sort of sanction is likely to secure future compliance. *See id*. Unlike criminal contempt sanctions, which may be punitive, civil contempt sanctions are remedial and courts have broad discretion to fashion a

sanction that is appropriate given the circumstances. *See Matthews Int'l Corp. v. Lombardi*, No. 2:20-CV-89-NR, 2021 WL 1929266, at *3 (W.D. Pa. May 13, 2021).

In this case, the United States suggests a range of possible sanctions. On the harsher end, it recommends that Buchanan be incarcerated until he complies with the Installment Order. On the other end of the spectrum, the United States suggests that the Court order Buchanan to hire an accountant or other professional to ensure compliance with the Installment Order. Buchanan argues that incarceration would impede his ability to earn the money needed to comply with the Installment Order. Not surprisingly, he requests that the Court allow him to hire a professional to ensure his ongoing compliance.

The Court agrees, at least at this time, that incarcerating Buchanan for his failure to comply with the Installment Order may be counterproductive. For that reason, the Court agrees with the parties that the appropriate sanction, at least for now, is to order Buchanan to hire an accountant or other outside professional to prepare returns for past, current, and future tax periods and to ensure compliance with the Installment Order going forward as well as make past payments owed or a plan for making past payments owed.

A separate Order follows.

                                                             BY THE COURT:

                                                              */s/ Joseph F. Leeson, Jr.*
                                                              JOSEPH F. LEESON, JR.
                                                             United States District Judge